I respectfully dissent from the majority in its disposition of the appellant's sole assignment of error. I would find that the trial court did abuse its discretion, and I would reverse and remand this matter for further proceedings. In the case sub judice, the parties each have similar incomes for purposes of computing child support. Appellant's income is $41,003 and appellee's income is $41, 574. Under this circumstance, if each party had the child 50% of the time, each should pay for 50% of the child's expenses. This would mean that each party would maintain his/her own household and the parties would split equally such expenses as daycare and medical expenses. In the case sub judice, that would mean appellant pays to appellee the amount of $162 per month toward daycare expenses paid by appellee. The trial court in the case sub judice ordered the appellant to pay approximately $490 per month even though the trial court found that the appellant had the child 40% of the time. While I decline to set forth a formula, I find it to be an abuse of discretion in the case sub judice to order the appellant to pay $490 per month in child support when he has the child 40% of the time. This seems to be an unreasonable amount of child support considering appellant would be paying only $162 per month if he had the child 50% of the time.